IN THE SUPREME COURT OF THE STATE OF DELAWARE

COREY LEWIS, §
§
　　　Defendant Below, § No. 368, 2015
　　　Appellant, §
§ Court Below—Superior Court
　　　v. § of the State of Delaware,
§ in and for New Castle County
STATE OF DELAWARE, §
§ Cr. ID No. 1306017893
　　　Plaintiff Below, §
　　　Appellee. §

Submitted:  August 5, 2015
Decided:　　October 12, 2015

Before **STRINE**, Chief Justice; **HOLLAND**, and **SEITZ**, Justices.

## **O R D E R**

This 12th day of October 2015, upon consideration of the appellant's opening brief, the appellee's motion to affirm, and the record below, it appears to the Court that:

(1)　The appellant, Corey Lewis, filed this appeal from the Superior Court's denial of his first motion for postconviction relief under Superior Court Criminal Rule 61 ("Rule 61"). The State of Delaware has filed a motion to affirm the judgment below on the ground that it is manifest on the face of Lewis' opening brief that his appeal is without merit. We agree and affirm.

(2)　In July 2013, Lewis was indicted for Carrying a Concealed Deadly Weapon ("CCDW"), Possession of Ammunition by a Person Prohibited,

Possession of a Firearm by a Person Prohibited ("PFBPP"), Receiving a Stolen Firearm, Driving a Vehicle with a Suspended or Revoked License, No Proof of Insurance, and Spinning Tires. These charges arose from a traffic stop. On December 2, 2013, Lewis pled guilty to CCDW and PFBPP. As part of the plea agreement, the State agreed to enter a *nolle prosequi* on the remaining charges, to seek habitual offender sentencing for the CCDW count but not the PFBPP count, and to cap its sentence recommendation at thirteen years of Level V incarceration. Lewis agreed that he was a habitual offender.

(3) On February 14, 2014, Lewis was declared a habitual offender and sentenced to a total of sixteen years of Level V incarceration, suspended after thirteen years for decreasing levels of supervision. Lewis did not file a direct appeal.

(4) On January 7, 2015, Lewis filed his first motion for postconviction relief under Rule 61. Lewis argued that his counsel was ineffective because he failed, despite Lewis' request, to file a motion to suppress a gun discovered during an inventory search of the car that Lewis was driving, without a license, at the time of his arrest. Lewis also requested an evidentiary hearing and filed a motion for appointment of counsel.

(5) On April 14, 2015, a Superior Court Commissioner recommended that the Superior Court deny Lewis' motion for postconviction relief, request for an

2

evidentiary hearing, and motion for appointment of counsel. The Commissioner found that Lewis' ineffective assistance of counsel claim was barred by his knowing, intelligent, and voluntary guilty plea. The Commissioner also found that Lewis had not established grounds for appointment of counsel.

(6) On June 3, 2015, Lewis filed a motion to amend his motion for postconviction relief. Lewis sought to add a prosecutorial misconduct claim based on differences between the affidavit of the car owner included with his motion for postconviction relief and the police report. Lewis claimed that the differences showed that the police officer who found the gun during the inventory search committed perjury.

(7) In an order dated June 15, 2015, the Superior Court accepted the Commissioner's recommendation, found the motion to amend to be without merit, and denied Lewis' motion for postconviction relief. On June 26, 2015, Lewis filed a motion for reconsideration. Lewis stated that he had not received the Commissioner's recommendation and he would have objected to the recommendation if he had received it. In a letter dated July 2, 2015, the Superior Court sent Lewis the Commissioner's recommendation and denied his motion for reconsideration as not ripe. This appeal followed.

(8) As the State points out, Lewis filed his notice of appeal from the Superior Court's July 2, 2015 order denying his motion for reconsideration, rather

3

than the Superior Court's June 17, 2015 order denying his motion for postconviction relief. Lewis, however, filed his notice of appeal within thirty days of the June 17, 2015 order denying his motion for postconviction relief and the argument section of his brief is devoted to the substantive merits of his motion for postconviction relief and his motion to amend his motion for postconviction relief. Under these circumstances, we address the substantive merits of Lewis' arguments that the Superior Court erred in concluding that his motion to amend was without merit and in denying his motion for postconviction relief.

(9) We review the Superior Court's denial of postconviction relief for abuse of discretion and questions of law *de novo*.[1] The procedural requirements of Rule 61 must be considered before any substantive issues are addressed.[2] In his opening brief, Lewis argues that his counsel was ineffective because he failed to file a motion to suppress a gun discovered during an inventory search. Lewis also argues that there was prosecutorial misconduct because the police officer who conducted the search lied in the affidavit supporting the arrest warrant and in his police report.

---

[1] *Dawson v. State*, 673 A.2d 1186, 1190 (Del. 1996).
[2] *Younger v. State*, 580 A.2d 552, 554 (Del. 1990).

(10) Both of Lewis' claims are barred by his knowing, intelligent, and voluntary guilty plea,[3] which Lewis does not challenge. The Truth-in-Sentencing Guilty Plea Form, plea agreement, and plea colloquy reflect that Lewis knowingly, intelligently, and voluntarily entered a guilty plea for CCDW and PFBPP. During the guilty plea colloquy, Lewis' counsel stated that he had explained the trial rights Lewis was waiving by pleading guilty and the collateral consequences of the plea. Lewis affirmed that he reviewed and discussed the Truth-in-Sentencing Guilty Plea Form with his counsel, he was satisfied with his counsel's representation, he understood the range of sentences, and he was guilty of CCDW and PFBPP. In the absence of clear and convincing evidence to the contrary, Lewis is bound by these statements.[4]

NOW, THEREFORE, IT IS ORDERED that motion to affirm is GRANTED and the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

*/s/ Leo E. Strine, Jr.*

Chief Justice

---

[3] *See, e.g., Robertson v. State*, 2009 WL 1640021, at *1 (Del. June 9, 2009) (holding defendant's voluntary guilty plea barred claim that his counsel was ineffective in suppression proceedings); *Cooper v. State*, 2008 WL 2410404, at *1 (Del. June 16, 2008) (concluding ineffective assistance of counsel based on counsel's failure to file motion to suppress was barred by knowing, intelligent, and voluntary guilty plea).

[4] *Somerville v. State*, 703 A.2d 629, 632 (Del. 2008).